RAWLS, Chief Judge.
The salient point on appeal brought by appellant-defendant from a judgment of conviction of possessing a narcotic drug, i. e., heroin is:
“The trial court erred in allowing witness T. W. Dawsey to testify as to what Anthony W. Hickson told him regarding appellant’s alleged possession of heroin.”
Evidence adduced in a light most favorable to the State is: On February 5, 1972, police officers Hickson, Dawsey and Taylor were surveilling a portion of the City of Jacksonville, Florida in the vicinity of 21st and Myrtle Avenue. The police officers observed defendant for about thirty minutes where they observed him in a group of approximately twenty people who were “hanging around the corner”. During this period of time one officer testified that he saw the defendant “hand the people that were talking to him something and I saw them hand something in return and he walked away”. This took place about four different times. The officers then approached defendant and by the time they were approximately IS or 20 feet from him, defendant ran. Two officers chased him on foot but were unable tO' keep defendant in sight. Officer Hickson followed in the patrol car and observed the defendant kneeling behind the northwest corner of a house. As Hickson walked up behind where defendant was kneeling, the defendant got up in a hurried manner and walked north to a garage which was adjacent to the house. Officer Hickson found a package containing what was subsequently identified as heroin, where defendant had previously knelt. The package of heroin was not removed by Hickson at this time, and he proceeded to the garage where he took defendant in custody. After interrogating defendant briefly, and after conferring with each other, one of the officers was posted in a hidden position where he could observe the heroin and defendant was returned to the corner where he had first been observed and released from custody. After fifteen or twenty minutes elapsed and defendant did not return to the place where the heroin was situated, the officers placed him under arrest.
Essential to resolving the point posed on appeal is Officer Hickson’s testimony he being the only witness that observed defendant in the vicinity where the heroin was discovered. This witness testified that when he was approximately two- hundred feet behind defendant: “ . . . as I was coming up behind him”, and the defendant then “. . . got up and he *478 walked in a hurried manner into, I think, a garage or working shop.” Officer Hickson did not call out to defendant when he was kneeling and stated that the first time he talked to him was when he confronted the defendant in the garage. On cross-examination, Hickson testified as follows:
“Q. Now, Officer, did you at any time see Mr. Griffin with the article you say you picked up in his possession at any time?
“A. No.

“Q. Officer, would you tell the jury right here did you see this article that you just said you identified in the possession of this defendant . . ..
“A. No, I did not.”
Officer Dawsey on behalf of the State testified, over vigorous objection, the following on direct examination:
“A. And Investigator Hickson came back to the car and he said, ‘We are going to take him back up on 21st and Myrtle where he was.’ After we carried him back and put him out of the car Investigator Hickson then told me that he had saw [«c.] the defendant put some— [Emphasis supplied.]
“. . . Objection, Your Honor.

“THE COURT: I’m sustaining — denying the objection as an exception to the hearsay rule as part of the res gestae.

“Q. Go ahead. What did Investigator Hickson tell you ?
“A. Investigator Hickson told me that he had saw [sic.] him put a package down with some stuff in it, which would be heroin. He said he put it down by a house and at this time he said that’s why he told Investigator Taylor to stay at a distance where he can watch it.”
The foregoing proceedings clearly violated elementary evidentiary requisites. Not only did the testimony of Officer Dawsey constitute rank hearsay, it also amounted to an impeachment by the State of its primary witness. The state urges by its brief that the controverted testimony being a part of the res gestae, falls within an exception to the hearsay rule and then argues in the alternative, viz:
“Assuming arguendo that it was error to admit this testimony into evidence, it would than be the Appellee’s position that such error was harmless.”
If the evidence of defendant’s guilt had been more convincingly established, we might well agree with the “harmless error doctrine”. However, we agree with the trial judge’s statement in passing upon a motion by the defendant for a directed verdict, viz:
“I will admit it’s not a very strong case I do think it’s sufficient for me to present to the jury rather than have the Court try to interject itself at this point.”
In view of the weakness of the proof of defendant’s guilt adduced by the State, it is our conclusion that the quoted testimony of Officer Dawsey, which was clearly inadmissible, tainted the trial proceedings to such an extent that it’s erroneous admission must be and is held to be reversible error.
Reversed and remanded for a new trial.
JOHNSON and CARROLL, DONALD K., JJ., concur.